UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BILL LIETZKE, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF MONTGOMERY, et al., <br><br> Defendants. | CASE NO. C17-1317JLR <br><br> ORDER DENYING MOTION TO RECUSE |

## I. INTRODUCTION

Before the court is *pro se* Plaintiff Bill Lietzke's "Order of Disqualification of Judge James L. Robart," which the court liberally construes as a motion to recuse. (Mot. (Dkt. # 6).) The court has considered the motion and denies it for the reasons set forth below. The court further directs the Clerk to refer the motion to Chief Judge Ricardo S. Martinez for further review.

//

//

## II. BACKGROUND & ANALYSIS

On August 31, 2017, Mr. Lietzke filed this lawsuit against Defendants City of Montgomery and Kevin Murphy. (*See* Prop. Compl. (Dkt. # 1-1).) At that time, Mr. Lietzke moved to proceed *in forma pauperis* ("IFP"). (1st IFP Mot. (Dkt. # 1); *see also* 2d IFP Mot. (Dkt. # 4).) On September 21, 2017, Chief Magistrate Judge James P. Donohue denied Mr. Lietzke's IFP application because Mr. Lietzke failed to sign the declaration but granted leave to amend the application within 30 days of the order. (IFP Order (Dkt. # 5) at 1.) In the meantime, Mr. Lietzke filed what appears to be a proposed order for Chief Judge Martinez's signature. (*See* Mot.) The document references "disqualification" of the undersigned judge from this case and all other cases that Mr. Lietzke might file (*id.* at 1), reassignment of the case to Chief Judge Martinez (*id.* at 2), and entry of default judgment against the defendants in the amount of $3 billion (*id.*). The court liberally construes Mr. Lietzke's filing as a motion to recuse and now addresses the motion.[1]

Under the Local Civil Rules for the Western District of Washington, "[w]henever a motion to recuse directed at a judge of this court is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, the challenged judge will review the motion papers and decide whether to recuse voluntarily." Local Rules W.D. Wash. LCR 3(f). "If the challenged judge

//

---

[1] It would be inappropriate for the court to rule on the request for default judgment before ruling on the recusal issue. Moreover, Mr. Lietzke's request for default judgment is premature. *See* Fed. R. Civ. P. 55(b).

decides not to voluntarily recuse, he or she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee." (*Id.*)

"The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (internal quotation marks and alterations omitted). Mr. Lietzke identifies no basis for recusal.[2] (*See generally* Mot.) Specifically, Mr. Lietzke does not allege that the undersigned judge is presiding over a case in which his "impartiality might reasonably be questioned," *McTiernan*, 695 F.3d at 891; *see also* 28 U.S.C. § 455(a), "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," *id.* § 455(b)(1); *see also id.* § 144, served as a lawyer in this controversy while in private practice, *id.* § 455(b)(2), or has a financial interest in this litigation, *id.* § 455(b)(3)-(4). In addition, the court cannot independently conceive of a basis for recusal. For these reasons, the court denies Mr. Lietzke's recusal motion and directs the Clerk to refer this order and Mr. Lietzke's "Order of Disqualification of Judge James L. Robart" to Chief Judge Martinez.

//

---

[2] Mr. Lietzke invokes 28 U.S.C. § 412 and 28 U.S.C. § 445 in support of disqualification. (Mot. at 1.) However, 28 U.S.C. § 412 does not address the disqualification of judges, and no statute is codified as 28 U.S.C. § 445. *See* 28 U.S.C. § 412 ("The Director of the Government Publishing Office, or other printer designated by the Supreme Court of the United States shall print such additional bound volumes and preliminary prints of such reports as may be required for sale to the public. Such additional copies shall be sold by the Superintendent of Documents, as provided by law.").

### III. CONCLUSION

For the reasons set forth above, the court DENIES Mr. Lietzke's motion to recuse (Dkt. # 6) and DIRECTS the Clerk to refer this order and the motion (Dkt. # 6) to Chief Judge Martinez for further review.

Dated this 17th day of October, 2017.

JAMES L. ROBART
United States District Judge